Keith Stott Staff Legal Officer Office of the State Court Administrator Colorado Judicial Department Two East Fourteenth Avenue Denver, CO 80203
Dear Mr. Stott:
I am writing in response to the request of your office for a formal legal opinion concerning limits on payment of costs to sheriffs in home rule counties for service of subpoenas.
QUESTION PRESENTED AND CONCLUSION
May a sheriff of a home rule county charge fees for service of subpoenas in excess of the fee schedule established in C.R.S. 1973, 30-1-104 (Supp. 1982)?
 Yes. A sheriff may charge fees in excess of the fee schedule established in C.R.S. 1973, 30-1-104
if the home rule county charter does not adopt the fee structure in C.R.S. 1973, 30-1-104 (Supp. 1982).
ANALYSIS
As I understand the facts, Pitkin County, a home rule county, has established a fee for service of subpoenas in excess of the statutory limitations contained in C.R.S. 1973, 30-1-104 (Supp. 1982).
Home rule counties have constitutional authority to set fees for service of subpoenas greater than the fees established in C.R.S. 1973, 30-1-104 (Supp. 1982). Colo. Const. art. XIV, § 16(5) provides:
 The provisions of sections 6, 8, 9, 10, 12 and 15 of article XIV of this constitution shall apply to counties adopting a home rule charter only to such extent as may be provided in said charter.
Art. XIV, § 15 provides, in pertinent part:
 The general assembly shall fix the compensation of county officers in this state by law, and shall establish scales of fees to be charged and collected by such county officers.
Under article XIV, § 16(5), the fee structure established in C.R.S. 1973, 30-1-104 (Supp. 1982) would not apply to a home rule county unless the county adopted the provisions of C.R.S. 1973,30-1-104 (Supp. 1982). If the home rule county has not adopted that fee schedule, art. XIV, § 16(5) permits the county to establish a separate fee schedule without reference to the limits of C.R.S. 1973, 30-1-104 (Supp. 1982).
The authority to set fees is also established by statute. C.R.S. 1973, 30-35-201 (Supp. 1982) specifically defines the power of home rule counties:
 The governing body of a home rule county shall exercise such duties and authority and shall have all the powers and responsibilities as provided by law for governing bodies of counties not adopting a home rule charter and shall also have all of the following powers that have been included in the county's home rule charter or in any amendments thereto, pursuant to the provisions of section 30-35-103(1):
 (1) Finances. To control the finances and property of the corporation.
The power to control finances is broad and includes the power to set fees. The county must make and publish ordinances ". . . not inconsistent with the law of the state, for carrying into effect or discharging the powers and duties conferred by this article," C.R.S. 1973, 30-35-301 (Supp. 1982), including the power to establish sheriff's fees.
The only apparent limitation on the authority to establish fees higher than those set by the legislature is that the fee structure must be contained in either the home rule charter or the ordinances passed in accordance with the charter. C.R.S. 1973, 30-35-201, -301 (Supp. 1982). As long as the fees are established in either the charter or ordinances passed consistent with the charter, those fees take precedence over the fee limits set in C.R.S. 1973, 30-1-104 (Supp. 1982).
SUMMARY
A home rule county has authority to establish through its charter or ordinances fees for service of subpoenas higher than the maximum fees allowed in C.R.S. 1973, 30-1-104 (Supp. 1982).
Very truly yours,
 DUANE WOODARD Attorney General
COUNTIES
C.R.S. 1973, 30-1-104 (as amended)
C.R.S. 1973, 30-35-201 (1982 Cum. Supp.)
C.R.S. 1973, 30-35-301 (1982 Cum. Supp.)
Colo. Const. art. XIV, § 15
Colo. Const. art. XIV, § 16(5)
JUDICIAL BRANCH Judicial Department
A home rule county has authority to establish, through, its charter or ordinances, fees for service of subpoenas higher than the maximum fees allowed in C.R.S. 1973, 30-1-104 (Supp. 1982).